UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

| | | |
|---|---|---|
| JON MICHAEL SANCRANT, | ) | |
| Petitioner, | ) ) ) | Civil Action No. 10-52-HRW |
| v. | ) ) | |
| J.C. HOLLAND, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Respondent. | ) ) | |

\*\*\*\*\*   \*\*\*\*\*   \*\*\*\*\*   \*\*\*\*\*

Jon Michael Sancrant is an individual confined at the Federal Prison Camp in the Federal Correctional Institution in Ashland, Kentucky. Sancrant has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 2] and has paid the filing fee. Having reviewed the petition[1], the Court must deny relief because Sancrant's claims are not cognizable in a petition for a writ of habeas corpus pursuant to Section 2241.

On January 4, 2006, Sancrant signed a written plea agreement in which he agreed to plead guilty to possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) and to possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. 924(c).

---

[1] The Court conducts a preliminary review of habeas corpus petitions. 28 U.S.C. § 2243; *Harper v. Thoms*, 2002 WL 31388736, at \*1 (6th Cir. October 22, 2002). Because the petitioner is not represented by an attorney, the petition is reviewed under a more lenient standard. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). At this stage the Court accepts the petitioner's factual allegations as true and his legal claims are liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). Once that review is complete, the Court may deny the petition if it concludes that it fails to establish grounds for relief, or otherwise it may make such disposition as law and justice require. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

On May 1, 2006, the trial court sentenced Sancrant to a one hundred and twenty month term of incarceration on the first count to be followed by a sixty month term of incarceration on the second count. *United States v. Sancrant*, No. 05-CR-801-JGC-1 (N.D. Ohio 2005).

Sancrant contends that his sentencing must be vacated in light of the Sixth Circuit's recent decision in *United States v. Almany*, 598 F.3d 238 (6th Cir. 2010). In *Almany*, the defendant received a mandatory minimum ten year sentence for conspiracy to possess with intent to distribute five or more kilograms of cocaine in violation of 21 U.S.C. § 841(b)(1)(A), and a mandatory minimum five year sentence for possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. 924(c)(1)(A). The five-year mandatory minimum sentence on the firearm charge was imposed consecutively, notwithstanding language in Section 924 which provides that such sentence is imposed "[e]xcept to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, ..." Following the Second Circuit's lead in *United States v. Whitley*, 529 F.3d 150 (2d Cir. 2008), the Sixth Circuit held that imposing a mandatory consecutive sentence on the firearm charge where the defendant is already subject to a greater mandatory minimum sentence violated the plain language of the statute. *Almany*, 598 F.3d at 241-42.

Were Sancrant's claim before the Sixth Circuit on direct appeal from his criminal conviction, the *Almany* decision might present a basis for relief. However, this Court must deny the petition because Sancrant may not assert this claim in a habeas corpus petition under section 2241. A federal prisoner must challenge the legality of his conviction or sentence by filing a post-conviction motion under 28 U.S.C. § 2255 with the trial court. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). A federal prisoner may file a habeas corpus petition under Section 2241 only to challenge a decision by prison officials which affects the manner in which his sentence is being carried out, such

as the computation of sentence credits or parole eligibility. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999).

Section 2255(e) provides a narrow exception to this rule, and permits a prisoner to challenge the legality of his conviction through a Section 2241 petition, where his or her remedy under Section 2255 "is inadequate or ineffective" to test the legality of his detention. The only circumstance where a prisoner may take advantage of this provision is where, after his or her conviction has become final, the Supreme Court re-interprets the terms of the statute petitioner was convicted of violating in such a way that petitioner's actions did not violate the statute. *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003) ("A prisoner who can show that an intervening change in the law establishes his actual innocence can invoke the savings clause of § 2255 and proceed under § 2241."); *Lott v. Davis*, 2004 WL 1447645, *2 (6th Cir. 2004) (unpublished disposition). This exception does not apply where the prisoner failed to seize an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law, or did assert his claim in a prior post-conviction motion under Section 2255 and was denied relief. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999); *United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002).

Sancrant's claims do not challenge the validity of his conviction, but only of the sentence imposed. A challenge only to the sentence imposed does not fall within the reach of the savings clause. *Talbott v. Holencik*, No. 08-619, 2009 WL 322107, at *6-7 (C.D. Cal. Feb. 5, 2009) ("Under the savings clause, however, Petitioner must demonstrate that he is factually innocent of the crime for which he has been convicted, not the sentence imposed."); *United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008) (federal courts "ha[ve] . . . not extended the reach of the savings clause to those petitioners challenging only their sentence."); *Wyatt v. United States*, 574 F.3d 455, 460 (7th Cir. 2009); *United States v. Peterman*, 249 F.3d at 462 (vacating habeas relief where petitioners "do

not argue innocence but instead challenge their sentences. Courts have generally declined to collaterally review sentences that fall within the statutory maximum.").

In addition, a habeas petitioner's claim for relief must be predicated upon a decision of the United States Supreme Court, rather than a federal court of appeals. *Mans v. Young*, 36 F. App'x 766, 768 (6th Cir. 2002) ("The only sentencing claims that may conceivably be covered by the savings clause are those based upon a retroactively applicable Supreme Court decision overturning circuit precedent."). Because Sancrant's claim, even if meritorious, does not indicate that he was convicted of conduct "that the law does not make criminal" in light of a Supreme Court decision handed down after his direct appeal or first collateral attack on his conviction, it is not cognizable in a habeas corpus proceeding under Section 2241. *Bousley v. United States*, 523 U.S. 614, 620 (1998). Sancrant's petition must therefore be denied.

Accordingly, **IT IS ORDERED** that:

1. Sancrant's petition for a writ of habeas corpus [R. 2] is **DENIED.**

2. The Court will enter an appropriate judgment.

Entered on June **3**, 2010.

HENRY R. WILHOIT, JR.
SENIOR U.S. DISTRICT JUDGE